[Crim. No. 5444.   Second Dist., Div. One.   Apr. 17, 1956.]

THE PEOPLE, Respondent, v. MAURICE A. RAPOPORT, Appellant.

Bertram S. Harris for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

DORAN, J.—In an information filed February 24, 1954, by the district attorney of Los Angeles County, appellant was charged in Count I with the crime of making and subscribing a false return in violation of section 18431.1 of the Revenue and Taxation Code, committed on or about March 14, 1951; and appellant was charged in Count II with the crime of making and subscribing a false return in violation of section 19405 of the Revenue and Taxation Code, committed on or about March 18, 1953.

A jury trial resulted in a guilty verdict.

Appellant contends that,

"II

"The lower Court erred when it failed to grant the motion to dismiss the cause pursuant to Section 1382, Penal Code, State of California; and all proceedings thereafter were null and void for want of jurisdiction.

## "III

"The verdict of the jury is not supported by the evidence.

## "IV

"The conduct of the Trial Court in refusing to admit certain evidence prejudiced the defendant thus affecting his substantial rights.

## "V

"It was error to try defendant on the two counts of the information inasmuch as both counts concerned one taxable year; the end result being that the jury was thus prejudiced against defendant, thereby affecting his substantial rights.

## "VI

"The record before the District Court of Appeal is not complete; and prosecution of this appeal without benefit of the complete record affects the substantial rights of appellant in contravention of Article 1, Section 13, of the Constitution of the State of California and Article 14, of the Amendments to the Constitution of the United States of America.

## "VII

"The legislature is without power to impose criminal sanctions for failure of a taxpayer to correctly estimate or determine liability on a civil obligation such as personal income tax.

## "VIII

"The Superior Court of Los Angeles County, California was without jurisdiction to try defendant; it had neither jurisdiction of the subject matter or of the defendant.

## "IX

"In the absence of specific legislation to the contrary, the authority to prosecute the defendant under the charges as alleged in the information is vested only in the Attorney General of the State of California; and no prosecution may proceed against any defendant on these charges unless first authorized by the Attorney General of the State of California and prosecuted by him."

The offense relates to the alleged failure of appellant to pay state income tax. As recited in respondent's brief,

"At the Franchise Tax Board for the State of California, Sacramento, there were received certain income tax returns filed by appellant. One of these, People's Exhibit No. 1, was received March 16, 1951, and was an individual income tax

return under the name of appellant and Beverly Rapoport for the calendar year 1950 (although the printed year on the form was 1949). No money was included with this return. Another return was People's Exhibit No. 2, the amended return of appellant for the year 1950. It was received March 20, 1953. The form indicated that $39.52 tax was due and this amount was remitted. In conjunction with People's Exhibit No. 2 there were received two documents comprising People's Exhibit No. 3. One was a return with the name of Beverly Rapoport on it and the other, attached to it, was a typewritten schedule headed by appellant's name, doing business as Music Capital Service, purporting to be a statement of income and expenses. People's Exhibit No. 3 indicated that a tax of $39.52 was due and this amount was remitted. People's Exhibit No. 1 was signed by both appellant and his wife. The signature on People's Exhibit No. 2 was appellant's. The signature on People's Exhibit No. 3 in the name of appellant's wife was in fact written by appellant. The proper filing period for a State income tax return for the year 1950 was January 1st to April 15th, 1951.''

Appellant's store was located on Hollywood Boulevard in Los Angeles and was known as Musical Capital Service. ''The merchandise with which appellant dealt was records, television sets and some stoves and frigidaires.'' Business apparently was extensive. As recited in appellant's brief, ''A certified public accountant testified that he made an audit of the cancelled checks for a seven months period and found that purchases made during this period of time was in the amount of $125,336.13, or an average of $18,000 per month, and that averaging these figures out on a 12 month basis, taking into consideration the lost records, it would indicate total purchases in the amount of approximately $166,000.00. The defendant testified that purchases for the year, after he himself took an audit, amounted to $166,820.68, and that he made purchases from one supplier in excess of $150,000.00.''

■ The evidence obviously related to book accounts, bank records, checks, etc., covering a period of months. In addition to appellant, the principal witnesses were income tax auditors employed by the state, and certified public accountants both for the prosecution and defense. As another example of the amounts involved, as recited in respondent's brief, ''On the original State income tax return for 1950 filed by appellant the total receipts were listed at $40,948.18

whereas the actual amount as computed by Mr. LaMorte was $212,907.96, leaving a difference of $171,959.78. On the original return the cost of goods sold was listed at $32,414.17 whereas the actual amount was $110,939.81, leaving a difference of $78,525.64. On the original return the gross profits were listed at $8,543.01 whereas the actual amount was $101,968.15, leaving a difference of $93,434.14. On the original return the expenses were listed at $4,449.55 whereas the actual amount was $59,317.42, leaving a difference of $54,867.87. On the original return the net profit was listed at $4,084.46, whereas the actual amount was $42,650.73, leaving a difference of $38,566.27. With respect to the net profit as shown on the original return there would have been no tax liability. With respect to the actual net profit, however, as computed by Mr. LaMorte, there would be a tax liability of $1,557.04.''

Mr. LaMorte was an income tax auditor for the State of California.

In the light of the record and the law, appellant's contention that the evidence is insufficient cannot be upheld.

It would serve no useful purpose to go into detail with regard to the other contentions of appellant recited above. Although they are highly controversial and ably presented by appellant, in the light of the record and the law they cannot be upheld.

The judgment and order are affirmed.

White, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 15, 1956. Schauer, J., was of the opinion that the petition should be granted.